# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **THOMAS SENTEMENTES; TANINA SENTEMENTES, Plaintiffs,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO.** |
| | : | **3:14-CV-00131-VLB** |
| | : | |
| **GENERAL ELECTRIC COMPANY;** | : | |
| **JEFFREY IMMELT; RICHARD LAXER;** | : | |
| **PAULA D'AMICO, Defendants.** | : | **JUNE 25, 2014** |

### MEMORANDUM OF DECISION GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFFS' MOTIONS TO AMEND AND FOR JOINDER [DKT. Nos. 22, 23, 35, 57, & 60]

## I. Introduction

The Plaintiffs, Thomas Sentementes and Tanina Sentementes, bring this action against Defendants General Electric Company ("GE"), Jeffrey Immelt ("Immelt"), Richard Laxer ("Laxer"), and Paula D'Amico ("D'Amico"). The GE Defendants have moved to dismiss all of the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and D'Amico has moved to dismiss the actions as to herself pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure to properly effect service upon her. For the reasons that follow, both the GE Defendants' and D'Amico's motions to dismiss are GRANTED, without prejudice to Plaintiffs filing a motion to reopen along with a simultaneous motion for leave to amend the Complaint WITHIN 28 DAYS OF THE DATE OF THIS ORDER, that is on or before July 23, 2014. Any motion for leave to amend the Complaint MUST be

accompanied by (1) a memorandum of law citing to valid precedent, and (2) a copy of the proposed amended complaint. Filings not in conformity with this order will be disregarded or denied.

## II. Factual and Procedural Background

Plaintiffs filed two lawsuits against the defendants almost simultaneously in the Connecticut Superior Court, one filed on January 13, 2014 in the Judicial District of Bridgeport ("*Sentementes I*"), and one filed on January 16, 2014 in the Judicial District of New Haven ("*Sentementes II*").  The parties are exactly the same in both actions, except that Tanina Sentementes is not named as a plaintiff in *Sentementes II*. Both cases were removed to this court simultaneously by Defendants GE, Immelt, and Laxer (collectively, the "GE Defendants") on January 31, 2014, asserting federal question jurisdiction.  There appears to be no basis for diversity jurisdiction on the face of either Complaint, and no party claims diversity jurisdiction.  On February 21, 2014 the Court granted the GE Defendants' motion to consolidate the two cases.

Defendant Jeffrey Immelt is the CEO of GE.  *Sentementes II* at ¶ 3. Defendant Richard Laxer is CEO of GE Capital, International. *Sentementes II* at ¶ 4.  Plaintiffs assert that Defendant D'Amico is the CFO of GE Capital. *Sentementes II* at ¶ 5.  Both the GE Defendants and D'Amico deny that D'Amico has ever been the CFO of GE Capital.  [Dkt. 23 at 4 n.3; Dkt. 57, Ex. A, Aff. Of Paula D'Amico at ¶ 9.]  Plaintiffs have not responded to Defendants' assertions regarding D'Amico's title, and refers to D'Amico throughout their submissions to this Court as "CFO D'Amico."

2

In the interest of efficiency, the Court will adopt the GE Defendants' cogent recitation of the factual allegations comprising within Plaintiffs' Complaints:

Plaintiff alleges that he and D'Amico started a personal relationship in or around July 2006, and that he ended the relationship in approximately September 2007. *Sentementes I* at ¶¶ 8-9. According to Plaintiff, D'Amico began to commit "unlawful" acts against him because she was "distraught" over their break-up. *Id.* at ¶ 10. In or around June 2008, D'Amico allegedly harassed Plaintiff's ex-wife by email. *Id.* at ¶ 11. In or around October 2008, D'Amico allegedly tried to run over Plaintiff with her car, and then when he argued with her, four firefighters assaulted him and had him arrested. *Sentementes I* at ¶¶ 3-5. Plaintiff alleges that, while he waited for the court to [call to trial the case related to his October 2008 arrest], D'Amico repeatedly called to "harass" him and "keep the phone tied up" so he would miss the court's call and "be arrested." *Id.* at ¶ 7.

On July 13, 2009, D'Amico allegedly confronted Plaintiff's then-girlfriend and threatened to have Plaintiff "thrown in jail by the end of the day." *Id.* at ¶ 20. According to Plaintiff, D'Amico then telephoned his mother and other individuals and told them she would have him put in jail. *Id.* at ¶¶ 21-26. Later that day, D'Amico allegedly went to Plaintiff's house, hit herself in the face with the steering wheel of her car, and called 911 to accuse Plaintiff of assault. *Id.* at ¶¶ 27-29, 78.

Later, in or around January 2010, D'Amico allegedly telephoned Plaintiff's girlfriend and asked for him. Plaintiff claims that after he came to the phone, D'Amico had him arrested and sent back to prison for violating a restraining order. *Id.* at ¶¶ 30-31. At his court hearing, Plaintiff claims that D'Amico "perjured" herself to "maliciously prosecute" him for violating his probation. *Id.* at ¶ 104.

*Sentementes II* contains very similar allegations. In addition, Plaintiff alleges that D'Amico hacked into his Internet accounts between July 2007 and October 2008. *Sentementes II* at ¶ 23. He also claims that he mailed a "letter of intent" and other documents to GE's Legal Department on July 31, 2012, but D'Amico "intercepted" and "held" them for 68 days so that GE's legal counsel would not be aware of them. *Id.* at ¶¶ 7-11, 93. Plaintiff alleges that D'Amico gave the letter to the police along with a false sworn statement that Plaintiff's ex-wife and another individual said that Plaintiff was going to kill her. *Id.* at ¶¶ 19-20. He also alleges that he was then charged with four counts of violating a criminal protective order. *Id.* at ¶¶ 12-14.

[GE Mem. at 4-6.]

## III. Standard of Review

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Sarmiento v. United States*, 678 F.3d 147, 152 (2d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While Rule 8 does not require detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations and internal quotations omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).  Plaintiffs are proceeding pro se, and "[a]lthough courts still have an obligation to liberally

4

construe a pro se complaint, see *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility." *Bilodeau v. Pillai*, No. 3:10-cv-1910, 2011 U.S. Dist. LEXIS 93346, at *1 (D. Conn. Aug. 22, 2011).

## IV. Discussion

In *Sentementes I*, the Plaintiffs allege the following claims, apparently against all defendants: (1) breach of fiduciary duties; (2) negligence; (3) violation of rights; (4) false statements; (5) threatening; (6) malicious prosecution; (7) risk of injury; (8) misuse of emergency services; (9) extreme infliction of emotional distress.

In *Sentementes II*, the Plaintiffs allege the following claims, again, apparently against all defendants: (1) breach of fiduciary duties; (2) violation of rights; (3) negligence; (4) forgery; (5) fabrication of evidence; (6) malicious prosecution; (7) false statements; (8) impeding a federal proceeding; and (9) intentional infliction of emotional distress.

Although Defendant D'Amico moves to dismiss only for failure to serve, and does not raise substantive challenges to Plaintiffs' claims, the Court finds that the GE Defendants' substantive challenges to Plaintiffs' claims go to the validity of those claims as to all defendants, and thus Plaintiffs were on notice of the substantive deficiencies of their claims as to all defendants.

## (a) Tanina Sentementes Cannot Be Represented by Thomas Sentementes

Tanina Sentementes, apparently the daughter of Thomas Sentementes, is named as a plaintiff in *Sentementes I*.  As Thomas Sentementes is proceeding pro

5

se, he can represent only himself, and cannot represent another individual. "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (citation omitted). "[A] lay person may not . . . appear on behalf of his or her own minor child, . . ." *Iannaccone*, 142 F.3d at 558 (citations omitted). Because Tanina Sentementes has not appeared pro se on her own behalf, nor is she represented by counsel, the claims of Tanina Sentementes are dismissed without prejudice to Tanina Sentementes filing a motion to reopen either with an appearance of counsel or appearing herself pro se on or before July 23, 2014.

## (b) Failure to Serve Defendant D'Amico

Defendant D'Amico has filed two motions to dismiss all claims against her pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure to properly execute service, one motion aimed at *Sentementes I*, [Dkt. 60], and the other motion aimed at *Sentementes II*, [Dkt. 57]. D'Amico argues that service was improper in both cases, and thus the cases should be dismissed as to Defendant D'Amico. Plaintiffs apparently served all four defendants, including D'Amico, by leaving a copy of the process with a GE employee. [Dkt. 57, Mem. at 2; Dkt. 60, Mem. at 2.] D'Amico argues that Conn. Gen. Stat. § 52-57(a) requires that she be served either in person, or by leaving service at home. D'Amico asserts that she has never lived at the address at which service was made, nor has never been present at the address where service was made, and did not authorize any person at GE to accept service on her behalf. D'Amico swears in the affidavit attached to both of

her motions to dismiss that she has "never maintained a residence in the State of Connecticut, nor [has she] ever authorized anyone within the State of Connecticut to accept service of legal process in the State of Connecticut. [Dkt. 57, Ex. A., D'Amico Aff. At ¶ 8; Dkt. 60, Ex. A, D'Amico Aff. ¶ 8.]

D'Amico is correct that Conn. Gen. Stat. § 52-57(a) "does not authorize abode service upon a defendant's employer." *Murphy v. Safelite Fulfillment, Inc.*, No. HHDCV095026299, 2010 Conn. Super. LEXIS 211, at *6 n.4 (Conn. Super. Ct. Jan. 27, 2010). Actual notice is generally not sufficient to overcome a failure to serve properly. S*ee Doe v. Town of East Haven*, CV074027643S, 2008 Conn. Super. LEXIS 729, at *4 (Conn. Super. Ct. Mar. 26, 2008) (noting that Connecticut courts are "reluctant to recognize abode service where process is not left for the defendant at the place he is living at the time service is made, even in cases where the defendant receives actual notice of the action.") (citing *East Lyme v. Huntington*, 169 A.2d 752, 753 (Conn. Super. Ct. 1961)). Because D'Amico is a nonresident, Connecticut law permits Plaintiffs to serve her either through personal service pursuant to Conn. Gen. Stat. § 52-57(a), or by following the procedures for nonresident service set forth in Conn. Gen. Stat. § 52-59b(c). *See Murphy*, 2010 Conn. Super. LEXIS 211 at *6 ("52-59b, the Connecticut long-arm statute, provides an alternate means of process on an out-of-state resident. . . . [A]s the plaintiff alleges that the defendant is an out-of-state resident who committed a tortious act within the state, she could forgo personal or abode service, as long as she effectuated proper service pursuant to 52-59b."). Pursuant to section 52-59b(c), Plaintiffs may serve D'Amico by serving process

7

upon the Connecticut Secretary of the State, "by leaving with or at the office of the Secretary of the State, at least twelve days before the return day of such process, a true and attested copy thereof, and by sending to the defendant at the defendant's last-known address, by registered or certified mail, postage prepaid, return receipt requested, a like true and attested copy with an endorsement thereon of the service upon the Secretary of the State." Conn. Gen. Stat. § 52-59b(c).  The Plaintiffs must also pay a $25.00 fee to the Secretary of the State at the time of service, although Plaintiffs may recover that fee from Defendants if Plaintiffs prevail in the lawsuit.  *Id.*

Because this case was been removed to federal court by the GE Defendants, it is now governed by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 81(c)(1).  Under Federal Rule of Civil Procedure 4(e) a plaintiff may effect service either under state law, or by doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).

Additionally, Federal Rule of Civil Procedure 4(d) allows a plaintiff to request a waiver of service, and provides a list of the form and content requirements with which a plaintiff must comply when requesting a waiver of service.  Rule 4(d)(2) provides that if a defendant fails without good cause to waive service, the court must impose on the defendant the expenses incurred in

8

making service, and reasonable expenses, including attorney's fees, of any motion required to collect the service expenses.  Fed. R. Civ. P. 4(d)(2)(A)-(B). Although Plaintiffs' pleadings are unclear, viewing them in the light most favorable to the Plaintiff, the Court interprets them to mean that Plaintiffs sent Defendant D'Amico a request for waiver of service of a summons and that D'Amico has not yet responded to Plaintiff's request.  Plaintiff has not filed a notice that service was executed on D'Amico.

"Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate."  *Rzayeva v. United States*, 492 F. Supp. 2d 60, 74 (D. Conn. 2007) (quotation and citation omitted).  "A plaintiff bears the burden of establishing a basis of an inference that Defendant authorized a particular person to accept service of process on its behalf." *Rzayeva*, 492 F. Supp. 2d at 75 (citation omitted).

Plaintiffs argue in their objection to D'Amico's motions to dismiss, [Dkt. 68], that they "filed in this court a federal service of process upon the defendant and gave 60 days to return service for CFO Paula D'Amico to answer the complaint in which the plaintiff sent that service of process during the week of, on or about 2/17/14 in which defendant is in default on or about the week of 4/21/14."  [Dkt. 68 at 1-2.]  Plaintiffs subsequently filed a motion titled "Motion for Default for Failure to Plead Against CFO Paula D'Amico," [Dkt. 69.], in which Plaintiffs assert that they "filed with this court forms USM 285, AO 398, and AO 399 with a 60 day return date of (about no later than) 4/21/14 where CFO Paula D'Amico has failed to appear with new service of process papers and under both

**9**

services of processes failed to plead to the Complaint." [Dkt. 69 at 1.] Form USM-285 is a form that must be filled out when a party seeks services of process by a U.S. Marshall. Form AO 398 provides notice to a defendant of a lawsuit and requests that the defendant waive service of a summons. Form AO 399 is the form that a defendant must complete and return to a plaintiff in order to waive the service of summons.

As the case is now governed by the Federal Rules of Civil Procedure, Plaintiffs must serve the complaint upon all defendants within 120 days after filing, pursuant to Rule 4(m). Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The 120 day period for *Sentementes I*, filed on January 13, 2014, ran on May 13, 2014, and the 120 day period for *Sentementes II*, filed on January 16, 2014, ran on May 16, 2014. Even assuming that Plaintiffs in fact sent D'Amico a properly executed request for waiver of process, and properly sought service of process by a U.S. Marshall, such would not excuse Plaintiffs' failure to file proof of service within 120 days of filing the Complaint. Plaintiff has failed to serve defendant D'Amico.

## (c) Failure to Establish Vicarious Liability for GE Defendants

A party may be liable to another either directly due to their own acts or omissions or vicariously for the acts or omissions of a third party done on the defendant's behalf. *See, e.g., Alvarez v. New Haven Register, Inc.*, 735 A.2d 306,

10

313 (Conn. 1999) ("Vicarious liability is based on a relationship between the parties, irrespective of participation, either by act or omission, of the one vicariously liable, under which it has been determined as a matter of policy that one person should be liable for the act of the other.") (quotation and citation omitted). Plaintiffs' Complaint does not contain any allegations of affirmative actions, or any omissions, by either Immelt or Laxer.  All of the affirmative actions and omissions alleged by Plaintiffs are attributed to D'Amico.  Nor does Plaintiffs' Complaint contain any allegations of fact showing that there was any connection at all between D'Amico and either Immelt or Laxer, other than an allegedly shared employer.  Instead, Plaintiffs appear to be alleging that Immelt and Laxer should be held liable for the conduct of D'Amico, whom Plaintiffs allege is an employee of GE, simply because D'Amico is employed by GE.  "It is well established that an officer of a corporation does not incur personal liability for its torts merely because of his official position. Where, however, an agent or officer commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or corporation, he is liable to third persons injured thereby."  *Ventres v. Goodspeed Airport, LLC*, 881 A.2d 937, 962 (Conn. 2005) (quotation and citation omitted).  There is no allegation in the Complaint that either Immelt or Laxer committed or participated in the commission of a tort against Plaintiff, and thus Plaintiffs have failed to state any claim against Immelt or Laxer.

A corporation is not a natural person and therefore can act only through its officers and other employees.  *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 79 (1989) ("[A] corporation is an entity that can act only through its

agents, . . .").  In order to establish vicarious liability for GE on their Section 1983 claims, Plaintiffs must show that Defendant D'Amico was acting pursuant to an official policy of some nature.  *See, e.g., Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990).  Plaintiffs have plead no facts whatsoever sufficient to allege that they were injured pursuant to an official policy of GE.  In order to establish vicarious liability for GE on the state law intentional tort claims, the Plaintiffs must show that Defendant D'Amico was "acting within the scope of [her] employment and in furtherance of the employer's business."  *A-G Foods, Inc. v. Pepperidge Farm, Inc.*, 579 A.2d 69, 73 (Conn. 1990).  "[I]t must be the affairs of the principal, and not solely the affairs of the agent, which are being furthered in order for the doctrine to apply."  *Id.* (quotation and citations omitted).  Plaintiffs have plead no facts at all sufficient to allege that Defendant D'Amico was acting within the scope of her employment, and in furtherance of GE's business when she allegedly wronged them.  Even assuming, solely for the sake of this opinion, that D'Amico is or was at the relevant times in fact an executive officer of GE, if D'Amico used phones or other equipment used by GE, or if the alleged acts occurred during work hours or while D'Amico was on GE's premises, such facts alone are insufficient to allege vicarious liability for GE without pleading facts showing that she was acting to further GE's interest.  In regards to Plaintiff's negligence claim, they have failed to adequately allege vicarious liability for GE because they have not plead that D'Amico was acting within the scope of her employment when she carried out the alleged acts, *see, e.g., Jagger v. Mohawk Mt. Ski Area, Inc.*, 849 A.2d 813, 825 n.16 (Conn. 2004).

As Plaintiffs have not alleged facts sufficient to establish liability on the part of any of the GE Defendants, Plaintiffs' claims against those Defendants are dismissed, without prejudice to Plaintiffs filing a motion to reopen along with a simultaneous motion for leave to amend the Complaint on or before July 23, 2014. Any motion for leave to amend the Complaint must be accompanied by (1) a memorandum of law citing to valid precedent, and (2) a copy of the proposed amended complaint.  The proposed amended complaint may not include claims that Plaintiffs are barred from repleading as explained below.

Although the Plaintiffs' failure to serve D'Amico and general failure to establish liability on the part of the GE Defendants would be sufficient to dismiss the Complaint, the Court will also address the substantive deficiencies in Plaintiffs' Complaint for the sake of completeness and judicial efficiency should the pro se Plaintiffs choose to move to reopen the case and move for leave to file an amended complaint.

(d) Breach of Fiduciary Duties – Both Actions

In their breach of fiduciary duty claims, Plaintiffs allege that D'Amico intercepted legal mail sent from Plaintiffs to the GE Defendants, made false statements to the police and prison authorities, and hacked into some of Thomas Sentementes's internet accounts, with the intention of having him falsely prosecuted or otherwise punished, as well as to harass and intimidate Plaintiffs. *Sentementes I* at ¶¶ 9-31; *Sentementes II* at ¶¶ 7-25.

All of Plaintiffs' breach of fiduciary duty claims must be dismissed for failure to state a valid claim, as Plaintiffs have not alleged that any of the

Defendants has a fiduciary duty to the Plaintiffs.  "To state a claim for breach of fiduciary duty, the plaintiff must first allege that a fiduciary duty exists."  *Allen, et al. v. Verizon Wireless, et al.*, No. 3:12-cv-482, 2013 U.S. Dist. LEXIS 80228, at *39 (D. Conn. June 6, 2013) (citing *Biller Assocs. v. Peterken*, 849 A.2d 847, 851 (Conn. 2004)).  ""A fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise *and is under a duty* to represent the interests of the other." *Biller Assocs.*, 849 A.2d at 851 (quotation and citation omitted).  None of the claims in either complaint alleges any sort of relationship of special trust and confidence that would establish a fiduciary duty.  Therefore, Plaintiffs' breach of fiduciary duty claims are dismissed as to all defendants, without prejudice to Plaintiffs filing a motion to reopen along with a simultaneous motion for leave to amend the Complaint on or before July 23, 2014.  Any motion for leave to amend the Complaint must be accompanied by (1) a memorandum of law citing to valid precedent, and (2) a copy of the proposed amended complaint.

Claims for breach of fiduciary duty are subject to a three-year statute of limitations under Conn. Gen. Stat. § 52-577, which provides that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."  *See also Ahern v. Kappalumakkel*, 903 A.2d 266, 268 n.3 (Conn. App. Ct. 2006) ("Breach of fiduciary duty is a tort action governed by the three year statute of limitations contained within [Conn. Gen. Stat. § 52-577].").  The facts alleged in *Sentementes I* all occurred in 2010 or before, more than three years before Plaintiffs filed the Complaint on January 13, 2014, and are

thus barred by the statute of limitations.  To the extent that *Sentementes II* makes claims of breach of fiduciary duty based on events occurring in 2007 and 2008, those claims are also barred by the statute of limitations.  The only claims not barred by the statute of limitations are those alleged in *Sentementes II* as arising out of events in 2012.  If Plaintiffs wish to move for leave to replead the breach of fiduciary duty claims in *Sentementes II*, in addition to pleading facts that plausibly allege the existence of a fiduciary relationship, Plaintiffs may only move to replead claims that are not barred by the statute of limitations.

<u>(e) Negligence – Both Actions</u>

Plaintiffs assert in their negligence count in *Sentementes I* that the "defendants failing in their fiduciary duties, they were negligent, by failing in their duties" and that "defendants have a duty not to cause harm and injury to the plaintiffs." *Sentementes I* at ¶¶ 52-53.  Plaintiffs assert in the negligence count in *Sentementes II* that "CEO Jeffrey Imelt [sic] and Richard Laxers [sic], lack of actions and monitoring were contributed to their negligence . . ." and that "CFO Paula D'Amico's malicious actions, were and are negligent by acting outside the scope of her fiduciary duties as CFO of GE Capitol [sic]." *Sentementes II* at ¶¶ 62-63.

Connecticut has a two year statute of limitations for negligence claims: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered,

15

and except that no such action may be brought more than three years from the date of the act or omission complained of, . . ." **Conn. Gen. Stat. § 52-584.**[1]  **Thus, the negligence claims in** *Sentementes I* **are barred by the statute of limitations, and the negligence claims raised in** *Sentementes II* **are not barred by the statute of limitations only insofar as the facts alleged occurred in 2012 and later.**

**The Connecticut Supreme Court has laid out the "well established" elements of a negligence claim:**

> **The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . Contained within the first element, duty, there are two distinct considerations. . . . First, it is necessary to determine the existence of a duty, and then, if one is found, it is necessary to evaluate the scope of that duty. . . . The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand. . . . If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant. . .**

*Jarmie v. Troncale*, 50 A.3d 802, 809 (Conn. 2012) (quotation and citation omitted). **"[A] duty of care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act."** *Allen*, **2013 U.S. Dist. LEXIS 80228, at \*42 (quotation and citation omitted).  Plaintiffs' negligence claim against D'Amico is more properly styled as a claim for malicious prosecution, as they allege that she**

---

[1] **As stated by the Connecticut Supreme Court, "the three-year limitation of § 52-577 is applicable to all actions founded upon a tort which do not fall within those causes of action carved out of § 52-577 and enumerated in § 52-584 or another section."** *Travelers Indem. Co. v. Rubin*, **551 A.2d 1220, 1223 (Conn. 1988) (quotation and citations omitted).**

made false statements and took other actions with the intent of having Thomas Sentementes falsely convicted.  The Court will treat this as a claim for malicious prosecution, and dismisses it without leave to replead for the same reasons explained below in Part IV(i).  Plaintiffs' negligence claim against the GE Defendants is deficient on many grounds, but particularly because, as explained above in Part IV(c), they have failed to allege facts that support vicarious liability on the part of the GE Defendants.  Further, Plaintiffs have failed to adequately allege that the GE Defendants owed Plaintiffs a duty of care.  Plaintiffs' negligence claims against the GE Defendants are dismissed without prejudice to Plaintiffs filing a motion to reopen along with a simultaneous motion for leave to amend the Complaint on or before July 23, 2014.  Any motion for leave to amend the Complaint must be accompanied by (1) a memorandum of law citing to valid precedent, and (2) a copy of the proposed amended complaint.

Plaintiffs may not move to amend the complaint to reallege the negligence claims raised in *Sentementes I*, as those claims are barred by the statute of limitations. To the extent that Plaintiffs seek leave to replead claims from *Sentementes II* for injuries and acts that are not barred by the statute of limitations, in addition to pleading particularized illustrative facts that plausibly allege the existence of vicarious liability on the part of the GE Defendants, Plaintiffs must also file a memorandum of law citing to specific valid legal authorities, including valid case law, in support of their claim that the GE Defendants owed them a duty of care.

(f) "Violation of Rights" – Both Actions

17

In Count Three of *Sentementes I*, Plaintiffs claims that Defendants violated Article I, Section 10 of the Connecticut state constitution and the Fourteenth Amendment of the United States Constitution by D'Amico's alleged fabrication of events and facts in order to have Thomas Sentementes falsely imprisoned for violating a restraining order.

In Count Two of *Sentementes II*, Plaintiffs claim again Defendants violated Plaintiffs' rights when D'Amico gave false statements that led to a wrongful conviction of Thomas Sentementes, and claim that D'Amico violated Plaintiffs' rights by allegedly intercepting legal documents sent to GE and hacking into Plaintiffs' AOL account.  Plaintiffs do not state in this count which rights they allege were violated.

The Court construes Plaintiffs' claims alleging violations of the United States Constitution as claims brought under 42 U.S.C. § 1983.  *See, e.g.*, *Chisholm v. United of Omaha Life Ins. Co.*, 514 F. Supp. 2d 318, 320 (D. Conn. Oct. 1, 2007).  "It is well established that in order to state a claim under § 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States." *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994) (quotation omitted).  "In order to satisfy the state action requirement where the defendant is a private entity, the allegedly unconstitutional conduct must be 'fairly attributable' to the state." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50

(1999)).  "[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'"  *Brentwood Acad. V. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

To the extent that Plaintiffs' claims for "violation of rights" assert violations of a federal constitutional right, the claims must be dismissed, as Plaintiffs have failed to plead facts that could establish that any of the Defendants were state actors or were acting under color of state law.  Plaintiffs have not alleged facts sufficient to plead that the behavior of the Defendants "may be fairly treated as that of the State itself."

Although Defendants do not challenge Plaintiffs' claim to the extent that they assert a violation of Article I, section 10 of the Connecticut state constitution, the Court will dismiss that claim sua sponte, without leave to replead, as Connecticut courts do not recognize a private right of action under that clause.  *See Binette v. Sabo*, 710 A.2d 688, 691-92 (Conn. 1998).

Further, Plaintiffs' section 1983 claims are subject to the same three-year statute of limitations that governs Plaintiffs' breach of fiduciary duty claims. "The Second Circuit has specifically held that the three-year statute of limitations set forth in Conn. Gen. Stat. § 52-577 is applicable to § 1983 claims."  *Silva v. Town of Monroe*, No. 3:07-cv-1246, 2010 U.S. Dist. LEXIS 13098, at *17 (D. Conn. Feb. 16, 2010) (citing *Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994)).

19

Plaintiffs' section 1983 claims are dismissed as to all defendants without prejudice to Plaintiffs filing a motion to reopen along with a simultaneous motion for leave to amend the Complaint on or before July 23, 2014.  Any motion for leave to amend the Complaint must be accompanied by (1) a memorandum of law citing to valid precedent, and (2) a copy of the proposed amended complaint.  If Plaintiffs move to amend the complaint to replead the section 1983 claims that are not time-barred, Plaintiffs must plead facts that plausibly allege that Defendants were state actors or were acting under color of state law.

(g) False Statements – Both Actions

In *Sentementes I*, Plaintiffs allege that Defendant D'Amico gave a false statement to the Ridgefield Police Department using a cell phone belonging to GE.  *Sentementes I* at ¶ 78.

In *Sentementes II* Plaintiffs allege that Defendant D'Amico has made repeated false statements that Thomas Sentementes wanted to harm her, in order to have him prosecuted, over the seven years prior to the filing of the lawsuit. *Sentementes II* at ¶¶ 125-31.

To the extent that these claims are in fact claims for malicious prosecution, they are dismissed for the same reasons explained below in Part IV(i).  Although there are Connecticut statutes that make it a crime to falsely report a crime or misuse the 911 system, *see, e.g.*, Conn. Gen. Stat. § 53a-180 – 53a-180d, the Court sees no private right of action created in the text of these statutes, and the Plaintiffs have not demonstrated that the statute creates a private right of action, thus the claim is dismissed without leave to replead.

If, reading the Complaints in the light most favorable to Plaintiffs, the Court considers Plaintiffs to have raised claims for defamation, the Court would dismiss such causes of action for failure to state a claim.  A prima facie case for defamation requires that Plaintiffs prove "(1) the defendant published a defamatory statement; (2) the defamatory statement identified the plaintiff to a third person; (3) the defamatory statement was published to a third person; and (4) the plaintiff's reputation suffered injury as a result of the statement." *Cweklinsky v. Mobil Chem. Co.*, 837 A.2d 759, 763 (Conn. 2004).  Further, "statements made to the police in connection with a criminal investigation, such as the defendant's statements in the present case, are entitled to protection by a qualified privilege. . . . Therefore, for the plaintiffs to prevail on their defamation claim, they must prove that the defendant made her statement with malice."  *Mara v. Otto*, 13 A.3d 1134, 1137 (Conn. App. Ct. 2011) (citations omitted).  "[T]he malice required to overcome a qualified privilege in defamation cases is malice in fact or actual malice."  *Mara*, 13 A.3d at 1137 (quotation and citation omitted). "Actual malice requires that the statement, when made, be made with actual knowledge that it was false or with reckless disregard of whether it was false. A negligent misstatement of fact will not suffice; the evidence must demonstrate a purposeful avoidance of the truth. Malice in fact is sufficiently shown by proof that the publications were made with improper and unjustifiable motives."  *Mara*, 13 A.3d at 1137 (internal modifications and citation omitted).

Even taking Plaintiffs' facts as true for the purposes of this opinion, Plaintiffs have not alleged any facts tending to show knowledge of falsity or

reckless disregard of the truth and thus have not plead actual malice on the part of D'Amico, despite using the word "maliciously" in their pleadings.  Thomas Sentementes's conviction has not been overturned, nor have the charges pending against him been dropped, thus Plaintiffs cannot show that the statements were "made with actual knowledge that it was false or with reckless disregard of whether it was false."   If D'Amico's alleged statements to the police were truthful, they do not constitute defamation, even if they were made with a vindictive purpose.  Because Plaintiffs have not shown that the criminal cases against Thomas Sentementes were resolved in his favor, they cannot bring a claim for defamation based D'Amico's statements, and their claim is dismissed as to all defendants without leave to replead.

(h) Threatening – *Sentementes I*

Plaintiffs allege in *Sentementes I* that "CFO D'Amico spent the day in her office on or about July 13 2008 calling multiple friends and family of the plaintiff and the plaintiff, threatening to have the plaintiff arrested and incarcerated while acting as CFO of GE (see cell phone records and time clock at GE)." *Sentementes I* at ¶ 91.  Plaintiffs have not provided the cited cell phone records or time clock records.

In Connecticut "there exists a presumption in Connecticut that private enforcement does not exist unless expressly provided in a statute. In order to overcome that presumption, the plaintiff bears the burden of demonstrating that such an action is created implicitly in the statute."  *Provencher v. Town of Enfield*, 936 A. 2d 25, 629 (Conn. 2007) (citation omitted).  Threatening is

criminalized in Connecticut at Conn. Gen. Stat. 53a-61aa and 53a-62.  As the Court sees no private right of action created in the text of these statutes, and the Plaintiffs have not demonstrated that the statute creates a private right of action, the claim is dismissed as to all defendants without leave to replead.

(i) Malicious Prosecution – Both Actions

A cause of action for malicious prosecution requires a plaintiff to prove "(1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice." *Bhatia v. Debek*, 948 A.2d 1009, 1017 (Conn. 2008) (quotation and citation omitted).

Plaintiffs' claim of malicious prosecution must be dismissed as to all defendants because Plaintiffs have not plead facts sufficient to allege any of the four elements of a claim of malicious prosecution, even viewing the facts in the light most favorable to Plaintiffs.  Perhaps most insurmountable is the fact that Plaintiffs have not shown, and apparently cannot show given Thomas Sentementes' apparent conviction and incarceration, that the challenged criminal proceedings were terminated in Plaintiffs' favor.  Nor have Plaintiffs shown that Defendants initiated or procured the institution of criminal proceedings against Thomas Sentementes, or that Defendants acted without probable cause, or that Defendants acted with malice.  Plaintiffs' claims of malicious prosecution are dismissed as to all Defendants without prejudice to Plaintiffs filing a motion to

23

reopen along with a simultaneous motion for leave to amend the Complaint on or before July 23, 2014.  Any motion for leave to amend the Complaint must be accompanied by (1) a memorandum of law citing to valid precedent, and (2) a copy of the proposed amended complaint.  If Plaintiffs move for leave to amend the Complaint to replead their claims of malicious prosecution, they must include facts that plausibly allege all four elements of the claim, although the Court is highly skeptical that Plaintiffs can do this, unless Plaintiffs secure a reversal of the challenged convictions.  *Cf. Vilchel v. Connecticut*, No. 3:07-cv-1344, 2008 U.S. Dist. LEXIS 100696, at *7 (D. Conn. Dec. 11, 2008) (dismissing malicious prosecution claim where plaintiff concedes that he was convicted and that his conviction is on appeal and thus the criminal matter had not terminated in plaintiff's favor).

The GE Defendants argue that Plaintiff's malicious prosecution claim is barred by the applicable statute of limitations.  However, the statute of limitations for a malicious prosecution claim in Connecticut does not begin to run until the termination of the underlying criminal charges.  *See, e.g., Manson v. Narus*, No. 3:08-cv-1, 2008 U.S. Dist. LEXIS 104875, at *6 (D. Conn. Nov. 11, 2008).  As Thomas Sentementes's state court criminal charges have apparently not been resolved in his favor, the Court declines to reach the question of the statute of limitations at this time.

**(j) "Risk of Injury" – *Sentementes I***

24

Plaintiffs allege in *Sementes I* that "[a]ll of the actions by the defendants put both plaintiffs at serious risk of injury by their malicious acts and lack thereof by the defendants." *Sementes I* at ¶ 123.

To the extent that Plaintiffs seek to allege a claim against the Defendants for an alleged risk of injury to a child in violation of Conn. Gen. Stat. § 53-21, just as with the Plaintiffs' threatening claim, the Court sees no private right of action in the statute, nor have Plaintiffs demonstrated that the statute creates a private right of action, and the claim must be dismissed as to all Defendants for failure to state a claim, without leave to replead.

To the extent that Plaintiffs allege a claim against Defendants for risk of injury to themselves, the Court cannot discern a cognizable cause of action from the pleading, and therefore it does not satisfy Federal Rule of Civil Procedure 8, which requires that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The claim is dismissed as to all Defendants without prejudice to Plaintiffs filing a motion to reopen along with a simultaneous motion for leave to amend the Complaint on or before July 23, 2014. Any motion for leave to amend the Complaint must be accompanied by (1) a memorandum of law citing to valid precedent, and (2) a copy of the proposed amended complaint.

## (k) Misuse of Emergency Services – *Sementes I*

Plaintiffs bring a claim titled "Misuse of Emergency Services" in *Sementes I*, in which they allege that "CFO D'Amico using GE's time and equipment to fraudulently call 911, and have the defendant make a false

25

statement put the plaintiffs at severe risk of injury and the public at large."
*Sentementes I* at ¶ 135.

As noted above, although there are Connecticut statutes that make it a
crime to falsely report a crime or misuse the 911 system, *see, e.g.*, Conn. Gen.
Stat. § 53a-180 – 53a-180d, the Court sees no private right of action created in the
text of these statutes, and the Plaintiffs have not and cannot demonstrate that the
statute creates a private right of action, thus the claim is dismissed as to all
Defendants without leave to replead.

<u>(I) Intentional Infliction of Emotional Distress – Both Actions</u>

In *Sentementes I*, the Plaintiffs allege that they have been inflicted with
emotional distress and that "plaintiffs like any other human being has a right to
not be singled out by a corparation [sic] or its employees to be harassed,
thretend [sic] and imprison and financial devastated [sic]." *Sentementes I* at ¶¶
150, 152.

In *Sentementes II*, Plaintiffs allege that Defendants stole legal mail intended
for the GE Defendants' attorneys, and that "the breach of the integraty [sic] and
security of these priveledge [sic] mailings has caused the plaintiff extreme
emotional distress." *Sentementes II* at ¶¶ 164-66.

A claim for intentional infliction of emotional distress requires a plaintiff to
prove "(1) that the actor intended to inflict emotional distress or that he knew or
should have known that emotional distress was the likely result of his conduct;
(2) that the conduct was extreme and outrageous; (3) that the defendant's
conduct was the cause of the plaintiff's distress; and (4) that the emotional

distress sustained by the plaintiff was severe." *Appleton v. Bd. of Ed.*, 757 A.2d 1059, 1062 (Conn. 2000) (citation omitted).  "Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine." *Appleton*, 757 A.2d at 1062 (citation omitted).  "Only where reasonable minds disagree does it become an issue for the jury." *Id.* (citation omitted).  ""Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Id.* (quoting 1 Restatement (Second), Torts § 46, comment (d), p. 73 (1965)).  Plaintiffs have not plead enough facts to plausibly allege any of the four required elements of a claim of intentional infliction of emotional distress as to any of the Defendants. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 570 ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim t relief that is plausible on its face.").  Thus their claims are dismissed as to all Defendants without prejudice to Plaintiffs filing a motion to reopen along with a simultaneous motion for leave to amend the Complaint on or before July 23, 2014.  Any motion for leave to amend the Complaint must be accompanied by (1) a memorandum of law citing to valid precedent, and (2) a copy of the proposed amended complaint.

**(m) Forgery and Fabrication of Evidence – *Sentementes II***

In *Sentementes II*, Plaintiffs bring two virtually identical causes of action, one titled "Forgery" and the other "Fabrication of Evidence."  In their "Forgery" claim, Count Four of *Sentementes II*, Plaintiffs appear to be alleging that Defendant D'Amico intercepted a letter sent from Plaintiffs to the GE Defendants, forged a date on that letter, and provided the letter to the Danbury Police Department, apparently in an attempt to frame Thomas Sentementes for a crime. In their claim titled "Fabrication of Evidence," Plaintiffs appear to be alleging that Defendant D'Amico intercepted mail sent from Plaintiffs to the GE Defendants, held that mail for 68 days, then forged a date on it and brought it to the Danbury Police Department, apparently in an attempt to frame Thomas Sentementes for a crime.

The Court knows of no private cause of action for "forgery" or "fabrication of evidence."  Although this argument was not raised by either defendant, the Court finds that these claims are actually claims for malicious prosecution, as Plaintiffs allege that the purpose of the forgery and the fabrication of evidence was to have Thomas Sentementes falsely convicted of violating a restraining order.  These claims are thus barred because Thomas Sentementes's conviction and pending charges have not been resolved in his favor.  See *supra* Part IV(i). These claims are dismissed as to all Defendants without leave to replead.

**(n) Impeding a Federal Proceeding – *Sentementes II***

Count Eight of *Sentementes II* is titled "Impeading [sic] a Fedral [sic] Proceeding."  Plaintiffs allege that D'Amico intercepted "federally stamped

motions" apparently addressed to GE's legal department, "so as to protect General Electrics [sic] interests and impead [sic] this fedral [sic] legal proceedings as to cause more harm and injury to the plaintiff" and that "[b]y holding on to these motion, [sic] which were injunction against CFO D'Amico's assest [sic] with GE she impead [sic] this fedral [sic] proceeding and denied the plaintiff his constitutional rights to redress for the multiple crimes committed against the plaintiff, by the defendants."  *Sentementes II* at ¶¶ 144-45.

The Court knows of no private right of action for impeding a federal civil lawsuit.  If Plaintiffs are attempting to bring a Section 1983 claim against the defendants alleging a violation of a Constitutional right, that claim is dismissed for the same reasons explained above in Part IV(f), supra.  Further, although this argument was not raised by any of the parties, the Court notes that Thomas Sentementes's 2012 lawsuit against these same defendants (minus General Electric, which was not named as a defendant in that action), *Sentementes v. D'Amico, et. al ("Sentementes 2012")*, No. 3:12-cv-00839-AWT, filed June 11, 2012, was dismissed *sua sponte* by the court, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a valid federal claim.  2013 U.S. Dist. LEXIS 30375, at *1-4 (D. Conn. Mar. 5, 2013). The court then declined to exercise supplemental jurisdiction over Sentementes's state law claims.  2013 U.S. Dist. LEXIS 30375, at *5.  Even assuming for the sake of this opinion that D'Amico intercepted legal mail sent to GE in connection with this lawsuit, the interception of the mail was not the cause of the dismissal of the lawsuit.  Thus Plaintiffs' claim for impeding a federal

proceeding is completely without merit, and is dismissed as to all Defendants without leave to replead.

## V. Plaintiff's Motions For Leave to Amend

On March 6, 2014, Plaintiffs filed a motion titled "Joinder of Parties and Ammendment [sic] to Transfered [sic] Complaint."  [Dkt. 22.]  The Court will treat this as a motion to amend the complaint pursuant to Federal Rule of Civil Procedure 15.  Plaintiffs cite to Rule 15(a)(1)(A), which provides that a plaintiff may amend its pleading once as a matter of course within 21 days after serving it. Plaintiffs appear to be asking the court to waive the 21 day requirement on account of Thomas Sentementes's incarceration.  [Dkt. 22 at 1.] Plaintiffs also appear to be moving for joinder of parties under Rules 19 and 20.  Although Plaintiffs have not submitted a proposed amended complaint in support of this motion to amend, in the motion for leave to amend Plaintiffs describe the new allegations they would add to an amended complaint.  Plaintiffs state that they want to amend the complaint to assert that in the year 2007 defendant Paula D'Amico loaned money to Thomas Sentementes, and that after Thomas Sentementes had paid back the loan in full, defendant D'Amico went on to extort money and in-kind payments from him.  [Dkt. 22 at 2.]  Plaintiffs further assert that D'Amico coerced Thomas Sentementes into making these extra payments by threatening to file false police reports in order to have him imprisoned, and that D'Amico ultimately caused him to be imprisoned.  [Dkt. 22 at 2.]  Plaintiffs argue that D'Amico did not act alone in having him imprisoned, and that several other people assisted D'Amico by joining in her fraudulent acts and/or by extorting

Thomas Sentementes on their own.  Construing the pro se complaint liberally, it would appear that Plaintiffs want to assert a civil claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), as Plaintiffs write of "an elaborate web of lie's [sic], fraud and deceit by individuals, jointly or severaly [sic] raising it to a cause of action by the R.I.C.O. Act criteria."  [Dkt. 22 at 2.]

Attached to Plaintiffs' motion to amend is a list of twenty-five additional defendants Plaintiffs seek to join in the case.  Plaintiffs do not provide specific factual information as to why each proposed new defendant should be joined in the case.  Plaintiffs also attached a page titled "Ex-Parte Communication" in which plaintiffs offers "insight to plaintiff," apparently in an effort to explain Thomas Sentementes's personal motivations for the lawsuit.

Plaintiffs filed a second motion to amend their complaint, in a motion dated March 24, 2014, and filed on March 31, 2014.  [Dkt. 35][2]  Plaintiffs again seek leave to amend their complaint pursuant to Rule 15.  Plaintiffs assert that they want to amend their breach of fiduciary duty, negligence, vicarious liability, and Section 1983 claims in response to the GE Defendants' motion to dismiss, and also wish to add causes of action for fraud, deceit, and civil RICO.  [Dkt. 35 at 1.]  It appears that Plaintiffs wish to allege that the GE Defendants entered into a conspiracy with D'Amico to further D'Amico's scheme to cause injuries to Plaintiffs and have Thomas Sentementes falsely imprisoned.  [Dkt. 35 at 1-2.]

---

[2] Although a proposed amended complaint was not attached to the motion when it was first filed, on June 24, 2014 Plaintiffs filed what appears to be a proposed amended complaint as contemplated by their motion to amend at docket number 35.  [Dkt. 107.]

Although the Federal Rules provide that the court should "freely give leave [to amend] when justice so requires", Fed. R. Civ. P. 15(a)(2), the court may deny leave to amend when it would be futile, or when the substance of the claim to be amended is frivolous on its face. *See, e.g., Owens v. Shields*, 34 Fed. Appx. 33, 35 (2d Cir. 2002) ("In light of Owens' unintelligible Complaint, along with his history of incoherent and frivolous filings, granting leave to amend would have been futile."); *Bloom v. United States Gov't, et al.*, No. 02 Civ. 2352, 2003 U.S. Dist. LEXIS 18087, at *22-23 (S.D.N.Y. Oct. 10, 2003) (denying plaintiff leave to amend where his claims were "frivolous on their face") (citations omitted). "A claim is frivolous when it is vague and incomprehensible, . . . , or when it is supported by baseless factual allegations describing fantastic or delusional scenarios." *Bloom*, 2003 U.S. Dist. LEXIS 18087, at *23 (citations and quotations omitted). Plaintiffs' complaint is full of claims that contain baseless factual allegations describing fantastic scenarios, and the proposed amendments described in their motions for leave to amend are more of the same. The court thus finds that it would be futile to allow Plaintiffs leave to amend their complaint, and also futile to allow Plaintiffs to add the proposed new claims. Further, this court is "loathe to give [Plaintiffs] another chance to pursue their patently meritless claims when [Plaintiffs'] history of frivolous lawsuits makes it likely that [they] will continue to waste judicial resources and cause opposing parties needless additional expense by re-filing such actions." *Bloom*, 2003 U.S. Dist. LEXIS 18087, at *25 (citations omitted). As noted above, Thomas Sentementes filed a nearly identical lawsuit against Paula D'Amico, Jeffrey Immelt, and Richard Laxer in this court in 2012. In that case, the

court found that Thomas Sentementes had failed to adequately allege a federal
claim, and as there was no basis for diversity jurisdiction, the court declined to
exercise jurisdiction over the state law claims and dismissed the case.
*Sentementes 2012*, 2013 U.S. Dist. LEXIS 30375, at *2-4.

   Despite the prior ruling that the District Court has no jurisdiction to hear
such claims, the Plaintiffs filed this frivolous action asserting prolix and
ostensibly duplicative claims without stating how these claims differ from the
prior claims and without a ruling that the prior court was in error.  This court is
unwilling to allow Plaintiffs free reign to continue to waste the resources of this
court and the defendants.  Plaintiffs' motions for leave to amend their complaint
are denied.[3]  Further, to the extent that plaintiff's motions also seek leave to join
additional defendants, that request is also denied.  Plaintiffs have not shown why
any of these proposed parties fall under the required joinder of Rule 19.  Rule 20,
which provides for permissive joinder, allows a plaintiff to join additional parties
as defendants if both of the following conditions are met: (1) plaintiff asserts a
claim against all defendants "with respect to or arising out of the same
transaction, occurrence, or series of transactions or occurrences", and (2) "any
question of law or fact common to all defendants will arise in the action."  Fed. R.
Civ. P. 20(a)(2).  Other than conclusory and fantastical allegations of a broad
conspiracy, Plaintiffs have made no showing of how the claims arise out of the

---

[3] The court notes also that Plaintiffs failed to comply with District of Connecticut
Local Rule 7(f), which provides that a motion to amend a complaint must "include
a statement of the moving counsel that: (1) he or she has inquired of opposing
counsel and there is agreement or objection to the motion; or (2) despite diligent
effort, he or she cannot ascertain opposing counsel's position."

same transaction or occurrence, or how there is a question of law or fact common to all defendants.  Plaintiffs' requests for joinder of additional defendants are denied.

## VI. Conclusion

Based upon the reasoning above, Plaintiffs' claims are dismissed without prejudice to Plaintiffs filing a motion to reopen along with a simultaneous motion for leave to amend the Complaint on or before July 23, 2014.  In view of the Plaintiff's history of twice filing frivolous actions and attempting to file a frivolous amendment to the operative complaint in this case, any motion for leave to amend the Complaint must be accompanied by (1) a memorandum of law citing to valid precedent, and (2) a copy of the proposed amended complaint not later than July 23, 2014.  The Clerk is directed to close this file.

IT IS SO ORDERED, at Hartford, Connecticut this 25th Day of June, 2014

_____/s/_____
Vanessa L. Bryant,
United States District Judge